MEMORANDUM **
This is a petition for review of the Board of Immigration Appeals’ (“BIA”) order denying petitioner’s appeal of the Immigration Judge’s (“I J”) denial of her application *529 for relief under the Nicaraguan Adjustment and Central American Relief Act (“NACARA”) and settlement benefits under American Baptist Churches v. Thornburgh, 760 F.Supp. 796 (N.D.Cal.1991) (“ABC”).
This court generally lacks jurisdiction to review the agency’s decision as to whether an applicant’s status should be adjusted under NACARA. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, §§ 309(c)(5)(C)(i)-(ii), Pub.L. No. 104-208,110 Stat. 3009 (1996), as amended by Nicaraguan Adjustment and Central American Relief Act of 1997 § 203(a)(1), Pub.L. 105-100, 111 Stat. 2160 (1997) (providing that “[a] determination by the Attorney General as to whether an alien satisfies the requirements of this clause ... is final and shall not be subject to review by any court”). This court nevertheless retains jurisdiction over constitutional claims of the sort petitioner raised before the agency. Cf. Hemandez-Mezquita v. Ashcroft, 293 F.3d 1161 (9th Cir.2002). In this court, however, petitioner has neither raised a constitutional claim nor disputed that she is statutorily ineligible for relief under NACARA and ABC because she applied for such relief after the deadlines to do so had passed.
Accordingly, respondent’s unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. See United States v. Hooton, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). This petition for review is denied.
All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.